WARD, Judge.
New Orleans police arrested a juvenile, Quincy Landry, for committing a delinquent act by entering an automobile with the intent to steal something from within. The State charged Landry with being a delinquent child by committing the act of automobile burglary. At a “continued custody hearing” conducted to determine if there was probable cause to continue State custody of Landry until his trial, the juvenile court judge ordered Landry released when the State did not produce evidence to show probable cause. When the case was called for trial, Landry’s counsel moved to dismiss the charges, arguing that Ch. C. art. 821 required dismissal. The juvenile court judge agreed, and dismissed the charges, releasing Landry.
The State has appealed, contending that Ch. C. art. 821 is not applicable when there has been no hearing and no evidence presented for a probable cause determination. On the other hand, Landry’s counsel argues that the State cannot appeal a juvenile court judge’s order dismissing charges.
We affirm. We do not have to decide whether the State has a right to appeal because we hold that the juvenile court judge correctly applied the literal meaning of Ch. C. art. 821.
Art. 821 Continued custody hearing.
[[Image here]]
D. If probable cause has not been demonstrated, the court shall order the child’s release and dismiss the complaint or petition which may have been filed against him.
*978 Act 705 of 1992 amended article 821 by deleting the underlined portion of the above paragraph, but this amendment did not take effect until after the hearing and after the juvenile court judge dismissed the charges. The State does not argue that the amendment is retroactive. Therefore, the sole issue in this case is the interpretation of Ch. C. art 821 at the time of the hearing.
In essence, the State argues that if it produced evidence at the hearing, but the judge nevertheless held there was not probable cause, then the judge could properly dismiss the petition. However, if the State did not produce any evidence then the judge does not have authority to dismiss those charges. We reject this argument. If we agreed with the State’s argument, the State would be rewarded for not producing evidence when it should have. Art. 821 contemplates that the State will acquiesce in the release of the juvenile or produce evidence to show probable cause for continuing State custody.
Admittedly, before amendment, art. 821 created problems for the State. However, the Legislature recognized the problem and cured it by amendment. Where a statute is unambiguous and the literal meaning clear, we cannot go beyond it to rectify procedural problems. The word “shall” as it is used in the children’s code means mandatory. Neither the juvenile court judge nor this court is free to give it any other meaning.
AFFIRMED.
LANDRIEU, J., concurs.